UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(2) NEDER ENRIQUE GONZALEZ MACIAS, a/k/a "Carne Biche,"<br>(3) ALBERTO ANTONIO FLOREZ CARRASCAL, a/k/a "Gato," a/k/a "Zarco,"<br>(4) ANA MARIA SIERRA PEREZ,<br>(5) ANSELMO ANTONIO PEREZ ESPITIA,<br><br>(7) MARLON MIGUEL MORALES MIRANDA, a/k/a "Jimmy,"<br>(8) JORGE LUIS PALENCIA MENDOZA, a/k/a "Mello," and<br>(9) ALEXANDER MADRID AVILA, a/k/a "Noño,"<br><br>Defendants. | Criminal No. 23-10195-WGY(s)<br><br>Violation:<br><br>Count One: Conspiracy to Import and to Manufacture and Distribute for Importation Five Kilograms or More of Cocaine<br>(21 U.S.C. § 963)<br><br>Forfeiture Allegation:<br>(21 U.S.C. §§ 853, 970) |

SUPERSEDING INDICTMENT

COUNT ONE
Conspiracy to Import and to Manufacture and Distribute for Importation
Five Kilograms or More of Cocaine
(21 U.S.C. § 963)

The Grand Jury charges:

From a date unknown to the Grand Jury, but from at least in or about May 2020, through in or about July 2023, in Colombia, in South America, Panama and Honduras, in Central America, and elsewhere, the defendants,

(2) NEDER ENRIQUE GONZALEZ MACIAS, a/k/a "Carne Biche,"

1

>   (3) ALBERTO ANTONIO FLOREZ CARRASCAL, a/k/a "Gato," a/k/a "Zarco,"
>   (4) ANA MARIA SIERRA PEREZ,
>   (5) ANSELMO ANTONIO PEREZ ESPITIA,
>
>   (7) MARLON MIGUEL MORALES MIRANDA, a/k/a "Jimmy,"
>   (8) JORGE LUIS PALENCIA MENDOZA, a/k/a "Mello," and
>   (9) ALEXANDER MADRID AVILA, a/k/a "Noño,"

conspired with each other and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: (1) to unlawfully, knowingly and intentionally import cocaine, a Schedule II controlled substance, into the United States from a place outside thereof, namely, Colombia, South America, in violation of Title 21, United States Code, Section 952(a); and (2) to manufacture and distribute cocaine, a Schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959(a).

It is further alleged that the offense charged in Count One involved five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 960(b)(1)(B)(ii) is applicable to this Count.

It is further alleged that, with respect to Count One, five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to,

>   (2) NEDER ENRIQUE GONZALEZ MACIAS, a/k/a "Carne Biche," (3) ALBERTO ANTONIO FLOREZ CARRASCAL, a/k/a "Gato," a/k/a "Zarco," (4) ANA MARIA SIERRA PEREZ, (5) ANSELMO ANTONIO PEREZ ESPITIA,
>
>   (7) MARLON MIGUEL MORALES MIRANDA, a/k/a "Jimmy," (8) JORGE LUIS

PALENCIA MENDOZA, a/k/a "Mello," and (9) ALEXANDER MADRID AVILA, a/k/a "Noño."

Accordingly, Title 21, United States Code, Section 960(b)(1)(B)(ii) is applicable to defendants (2) NEDER ENRIQUE GONZALEZ MACIAS, a/k/a "Carne Biche," (3) ALBERTO ANTONIO FLOREZ CARRASCAL, a/k/a "Gato," a/k/a "Zarco," (4) ANA MARIA SIERRA PEREZ, (5) ANSELMO ANTONIO PEREZ ESPITIA, (7) MARLON MIGUEL MORALES MIRANDA, a/k/a "Jimmy," (8) JORGE LUIS PALENCIA MENDOZA, a/k/a "Mello," and (9) ALEXANDER MADRID AVILA, a/k/a "Noño."

All in violation of Title 21, United States Code, Section 963.

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. §§ 853, 970)

1. Upon conviction of the offense in violation of Title 21, United States Code, Section 963, set forth in Count One, the defendants,

(2) NEDER ENRIQUE GONZALEZ MACIAS, a/k/a "Carne Biche,"
(3) ALBERTO ANTONIO FLOREZ CARRASCAL, a/k/a "Gato," a/k/a "Zarco,"
(4) ANA MARIA SIERRA PEREZ,
(5) ANSELMO ANTONIO PEREZ ESPITIA,

(7) MARLON MIGUEL MORALES MIRANDA, a/k/a "Jimmy,"
(8) JORGE LUIS PALENCIA MENDOZA, a/k/a "Mello," and
(9) ALEXANDER MADRID AVILA, a/k/a "Noño,"

shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Sections 853 and 970, as a result of any act or omission of the defendants --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Sections 853(p) and 970, to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Sections 853 and 970.

A TRUE BILL

FOREPERSON

KATHERINE FERGUSON
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: October 3, 2023
Returned into the District Court by the Grand Jurors and filed.

/s/ Dawn M. King 10.3.23 12:31pm
DEPUTY CLERK